ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **NUI INVESTMENTS, LLC**<br><br>Recurridos<br><br>v.<br><br>**OPEN MRI OF P.R., INC.**<br><br>Peticionarios | KLCE202401035 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**K CD 2009-0976**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2024.

Comparece ante nos, mediante recurso de *Certiorari*, la señora Arlene Ethel Santiago Velázquez (Sra. Santiago o Peticionaria) y nos solicita que revisemos varias órdenes emitidas el 30 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).

Por las razones que discutiremos a continuación, denegamos expedir el recurso solicitado conforme a la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, y a la Regla 40 de este Tribunal, 4 LPRA Ap. XXII-B, R. 40.

### I.

El 25 de octubre de 2008, el TPI declaró roto y disuelto el vínculo matrimonial entre la Sra. Santiago y el doctor Oscar Crespo Quiñones (Dr. Crespo).[1] El matrimonio estuvo casado bajo un régimen de capitulaciones matrimoniales.

---

[1] Véase *Oscar Crespo Quiñones v. Arlene Ethel Santiago Velázquez,* Caso Número K DI2005-0850.

El 18 de marzo de 2009, Western Bank presentó una *Demanda* sobre cobro de dinero, ejecución de prenda e hipoteca en contra del Dr. Crespo, la Sra. Santiago y Open MRI of PR, Inc. (Open MRI).[2] En aquel caso, los demandados respondían *solidariamente* por unos contratos de préstamos hipotecarios y líneas de crédito comercial que le fueron otorgados. Según determinó el TPI mediante *Relación del Caso, Determinaciones de Hechos, Conclusiones de Derecho y Sentencia Parcial* (*Sentencia Parcial*) emitida el 7 de septiembre de 2011,[3] "[l]os codemandados Oscar Crespo Quiñones y Arlene Ethel Santiago Velázquez, son garantizadores solidarios de la deuda de la codemandada Open MRI, en vista de las garantías ilimitadas y continuas suscritas por los primeros [...]".[4] Mediante la *Sentencia Parcial*, el TPI declaró Ha Lugar la *Demanda* y ordenó la ejecución de las hipotecas. Entre el 25 de febrero de 2014 y el 2 de mayo de 2014, fueron emitidas las órdenes de ejecución de sentencia y venta de bienes para las propiedades objeto de controversia.[5] Surge que luego de dictarse la *Sentencia Parcial*, el acreedor de las deudas no efectuó ningún tipo de gestión de cobro de dinero en contra de la Sra. Santiago.

El 13 de enero de 2017, el Dr. Crespo radicó una petición de quiebras ante la Corte Federal.[6] La Sra. Santiago jamás acudió al proceso de quiebras ni solicitó protección de la Corte Federal, aun siendo codeudora solidaria de las deudas hipotecarias con el Dr. Crespo. El 30 de septiembre de 2021, la Corte Federal descargó las deudas del Dr. Crespo.[7] Entre las deudas descargadas, se encuentra la deuda que mantenía el acreedor hipotecario del caso de 2011 en contra del Dr. Crespo. Entiéndase que la Corte de Quiebras

---

[2] Apéndice de *Certiorari*, Anejo V, págs. 5-25.
[3] *Íd.*, Anejo VII, págs. 34-57.
[4] *Íd.*, pág. 49.
[5] *Íd.*, Anejos VIII-XIV, págs. 58-81.
[6] Véase *In re: Oscar Crespo Quiñones*, Case Number 17-00144 (EAG).
[7] Apéndice, *supra*, Anejo XXXV, págs. 296-297.

únicamente descargó la deuda que debía el Dr. Crespo y no la de sus codeudores solidarios. Posteriormente, el 17 de noviembre de 2023, la Corte de Quiebras emitió un *Opinion and Order* en el que exceptuó del descargue aquellas deudas relacionadas con la pensión acordada entre el Dr. Crespo y la Sra. Santiago, así como la deuda que tenía el Dr. Crespo como resultado de la disolución de Open MRI, según estipulaba un contrato privado entre las partes.[8]

Así las cosas, el 2 de noviembre de 2023, NUI Investments (NUI) presentó una *Moción de Sustitución de Parte*.[9] Mediante dicha comparecencia, informó que había adquirido los pagarés relacionados con las deudas objeto del caso de 2011 y por las cuales la Sra. Santiago respondía.[10] NUI adquirió dicha acreencia el 24 de marzo de 2023 tras MMG PRCI I habérsela cedido.[11] Mediante *Solicitud de Orden, Mandamiento de Ejecución y Subrogación para el Cobre de Acreencia*,[12] NUI alegó que la deuda adjudicada por la *Sentencia Parcial* de 2011 no había sido satisfecha en su totalidad debido a, entre otras razones, la radicación del caso de quiebras del Dr. Crespo.[13] Además, le solicitó al TPI autorizar su subrogación como acreedor en posición de la Sra. Santiago en dos acreencias a las cuales ella tenía derecho.[14] Estas son: (1) la acreencia que tiene a su favor procedente de una sentencia dictada el 12 de julio de 2013 en el caso K AC2010-1494, sobre incumplimiento contractual, por el valor de $956,105.45; y, (2) la acreencia que tiene a su favor procedente de una sentencia dictada el 23 de julio de 2021 en el caso K AC2014-0835, sobre la liquidación de interés corporativo, por el valor de $1,471,618.05.[15]

---

[8] *Íd.*, Anejo XXXVI, págs. 298-309.
[9] *Íd.*, Anejo XXIII, págs. 99-105.
[10] *Íd.*
[11] *Íd.* (La acreencia pasó de manos de Western Bank a Banco Popular de Puerto Rico que posteriormente se la cedió a MMG PRCI I).
[12] *Íd.*, Anejo XXIV, págs. 106-112.
[13] *Íd.*, pág. 108.
[14] *Íd.*, págs. 108-109.
[15] *Íd.*

El 9 de febrero de 2024, el TPI declaró Ha Lugar a la subrogación de NUI en posición de la Sra. Santiago en las acreencias antes mencionadas.[16] Tras varias comparecencias y mociones por parte de la Sra. Santiago solicitando paralizar la subrogación, el 30 de agosto de 2024, el TPI se reafirmó en su determinación del 9 de febrero de 2024.[17] Inconforme, la Sra. Santiago presentó el recurso de *Certiorari* ante nuestra consideración. Mediante la misma, hizo los siguientes señalamientos de error:

1. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RELEVAR LA ORDEN DICTADA CON RELACIÓN A LA SUBROGACIÓN SOLICITADA POR LA RECURRIDA; Y POR ENDE, POR NO DEJAR SIN EFECTO LA SUSTITUCIÓN DE LA PARTE, AUN A SABIENDAS QUE: (I) NUI INVESTMENTS LLC CARECE DE LEGITIMACIÓN ACTIVA POR NO CONTAR CON LAS LICENCIAS NECESARIAS EN LEY PARA EJERCER EN EL NEGOCIO DE CORRETAJE DE PRÉSTAMOS HIPOTECARIOS; (II) LOS PAGARÉS A LOS QUE HACE REFERENCIA NUI INVESTMENTS LLC POR LOS CUALES ALEGADAMENTE ADQUIERE LA DEUDA MEDIANTE UN "ALLONGE" EN EL REGISTRO DE LA PROPIEDAD DE PUERTO RICO POR LO QUE CARECEN DE VALIDEZ; E INCLUSO, UNOS SURGEN CANCELADOS DE LA PROPIA PRUEBA PROVISTA POR NUI INVESTMENTS LLC; ([III]) NO EXISTE UN "BILL OF SALE"; Y ([IV]) NO EXISTE UNA CADENA DE CUSTODIA CON RELACIÓN A LAS ALEGADAS CESIONES DE LA DEUDA HIPOTECARIA QUE FUE CANCELADA EN EL REGISTRO DE LA PROPIEDAD.**

2. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DEJAR SIN EFECTO LA ORDEN DE SUBROGACIÓN A PESAR DE QUE NO SE LE GARANTIZÓ DE UN DEBIDO PROCESO DE LEY A LA RECURRENTE, YA QUE: (I) NO SE LE NOTIFICÓ LA SOLICITUD DE SUBROGACIÓN A LA PARTE RECURRENTE; Y (II) EL TRIBUNAL NO LE CONCEDIÓ NINGÚN TÉRMINO A LA RECURRENTE PARA OPONERSE A LA REFERIDA SOLICITUD DE SUBROGACIÓN.**

3. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER LA ORDEN DE SUBROGACIÓN Y PERMITIR EL COBRO DE UNA DEUDA A PESAR DE QUE TRANSCURRIERON MUCHO MÁS DE 10 AÑOS DESDE DICTADA LA SENTENCIA, SIN QUE EL ACREEDOR ORIGINAL NI LOS ALEGADOS SUCESORES, EFECTUARAN NINGÚN TIPO DE GESTIÓN DE COBRO EN CONTRA DE LA RECURRENTE Y SIN MEDIAR NINGÚN TIPO DE JUSTIFICACIÓN PARA ELLO.**

---

[16] *Íd.*, Anejo XXV, págs. 113-114.
[17] *Íd.*, Anejos I-IV, págs. 1-4.

4. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE NUI INVESTMENTS LLC SE SUBROGUE EN LOS CASOS QUE ARLENE SANTIAGO VELÁZQUEZ MANTIENE CONTRA EL DR. OSCAR CRESPO QUIÑONES, YA QUE LA CORTE FEDERAL DE QUIEBRAS DESCARGÓ LAS DEUDAS QUE EL DR. OSCAR CRESPO QUIÑONES TENÍA EN EL PRESENTE CASO; Y SÓLO SOSTUVO LAS DEUDAS DE LA SRA. ARLENE SANTIAGO VELÁZQUEZ POR TRATARSE DE DEUDAS DE "DOMESTIC SUPPORT OBLIGATION" O DEUDAS QUE SURGIERON COMO CONSECUENCIA DIRECTA DEL DIVORCIO HABIDO ENTRE LA SRA. ARLENE SANTIAGO VELÁZQUEZ Y EL DR. OSCAR CRESPO QUIÑONES; ES DECIR, LA SUBROGACIÓN ATENTA DIRECTAMENTE CONTRA LA ORDEN DE DESCARGUE QUE LA CORTE FEDERAL DE QUIEBRAS LE BRINDÓ AL DR. OSCAR CRESPO QUIÑONES.**

El 10 de octubre de 2024, NUI Investments presentó una *Moción de Desestimación por Falta de Jurisdicción Sobre la Materia, Conforme la Regla 83* (*Moción de Desestimación*), en la que alegó que la Sra. Santiago impugnó tardíamente la sustitución de parte. Esto debido a que la Sra. Santiago alegó en el recurso de *Certiorari* que no fue notificada de la *Moción de Sustitución de Parte*. NUI Investments arguyó que, contrario a lo que alegó la Sra. Santiago, ella fue notificada de la *Moción de Sustitución* y de la *Orden* emitida el 6 de diciembre de 2023 por el TPI, en la que declaró Ha Lugar a la sustitución de parte. La notificación de la *Moción* fue enviada el 7 de noviembre de 2023, al correo electrónico "arlenes44@gmail.com".[18] Dicho correo electrónico es el mismo que la Sra. Santiago utilizó en su *Solicitud Urgente de Paralización de Orden de Subrogación*, presentada el 13 de febrero de 2024.[19]

**II.**

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176

---

[18] *Íd*., Anejo XXVII, pág. 123.
[19] *Íd*., Anejo XXVI, págs. 115-117.

DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Reglas de Procedimiento Civil, *supra,* R. 52.1.

## III.

Luego de un análisis completo del expediente, las posturas de las partes y la controversia presentada, denegamos expedir el auto de *certiorari.* Al amparo de la Regla 40 del Tribunal de Apelaciones, *supra,* R. 40, consideramos que la etapa en la cual se encuentran los procedimientos no es la más propicia para su consideración. Entendemos que la determinación del TPI no adolece de prejuicio, parcialidad o error manifiesto de hecho o derecho que amerite nuestra intervención.

## IV.

Por los fundamentos discutidos, denegamos expedir el auto solicitado. En consecuencia, dejamos sin efecto nuestra *Resolución* emitida el 25 de septiembre de 2024, ordenando la paralización de los procedimientos, y devolvemos el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones